UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

Roshunda Meshack, §
 §
   Plaintiff, §
 §
versus § Civil Action No. 4:16-cv-01097
 §
Carolyn Colvin, §
 §
   Defendant. §

# Opinion on Summary Judgment

1. *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that Roshunda Meshack is not disabled under the Social Security Act. It does.

2. *Standard of Review.*

Meshack brought this action for judicial review of the commissioner's final decision to deny her disability insurance benefits. *See* 42 U.S.C. § 405(g) (2005).

Judicial review is limited to determining whether there is substantial evidence in the record to support the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const.* amend. V.

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if she works for substantial gain. Second, a claimant is not disabled unless she has been medically impaired for at least twelve months. Third, a claimant is not disabled unless her impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, she will consider the effects of the claimant's impairments on her capacity to work. If the claimant is able to perform her past

work, she is not disabled. Fifth, a claimant is not disabled if she can adjust to other work that is a significant part of the national economy. 20 C.F.R. §404.1520(a) (2003).

4. *Evidence.*
   A. *Background.*

Meshack is a 47-year-old woman who says that she is disabled by neck pain, bilateral shoulder pain, right arm and hand pain. She says these cause her to lose mobility which prevented her from being capable of engaging in any substantial work in the national economy.

Meshack has a high-school education and has worked as a dispatcher and a customer service representative. When she applied for social security on October 20, 2012, she said that her disability had begun on February 16, 2009.

The hearing officer found that Meshack was not disabled within the meaning of the Social Security Act. He decided that Meshack could work in a number of positions, including order clerk, claims clerk, appointment clerk, and information clerk, with limitations on her work hours and task complexity.

B. *Application.*

The hearing officer properly found that Meshack was not disabled. The process was correctly followed.

First, Meshack has not been gainfully employed. Second, Meshack has been impaired for more than twelve months. The hearing officer found that Meshack's acromioclavicular separation grade III, degenerative joint disease of both knees, lumbar back and neck pain, obesity, and hypertension were severely impairing her. Each imposed limitations on her daily activities and was moderately restrictive. Third, none of Meshack's impairments met the requirements for presumptive disability under the regulations. The officer found that Meshack's subjective complaints were not credible to the extent she said, and was unsupported by objective evidence. Fourth, the officer determined that Meshack would be unable to perform her past work. Fifth, the officer correctly considered the combined effects of her impairments and concluded that Meshack could adjust to another type of work.

To determine if Meshack was disabled, the officer considered all of the evidence from 2007 to 2014. The impairments Meshack complains of concerning the intensity, persistence and limiting effects are slightly credible. Meshack's claims were not corroborated in the overall

record. Her doctor's medical source statement was not supported by evidence of record during the relevant period under consideration, and was correctly given minimal weight in the decision. The symptoms she claims are reasonably expected from the impairments she can ameliorate herself. There was enough evidence from Meshack, the state medical consultant, the vocational expert, and her multiple treating and examining physicians to show that despite some limitations, Meshack is still capable of performing sedentary work to earn an income.

5. *Conclusion.*

The commissioner's decision denying Roshunda Meshack's claim for disability insurance and supplemental security income benefits is supported by substantial evidence and will be affirmed. Roshunda Meshack will take nothing from Carolyn Colvin.

Signed on February 10, 2017 at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge